IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

DENVER TRANSIT CONSTRUCTORS, LLC,

    Plaintiff,

v.

KELLER NORTH AMERICA f/k/a HAYWARD BAKER, INC.,

    Defendant.

## NOTICE OF REMOVAL

    Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Keller North America f/k/a Hayward Baker, Inc. ("Keller"), respectfully submits this notice of removal, which is based on the following:

    1.    On August 28, 2025, Plaintiff Denver Transit Constructors, LLC ("DTC") commenced a civil action styled *Denver Transit Constructors v. Keller North America f/k/a Hayward Baker, Inc*., Case No. 2025CV33112, in the Denver County District Court in Denver County, Colorado. True and accurate copies of the record filed in the Denver County District Court, including the Complaint, Summons, and other documents required by 28 U.S.C. § 1446(a) and D.C.COLO.LCivR 81.1, are attached as referenced below.

    2.    This is a civil action over which the Court has original jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because this action involves an amount in controversy exceeding $75,000.00, exclusive of interest and costs, between parties of diverse citizenship.

1

3. For diversity purposes, a limited liability company is a citizen of the states that all of its members are citizens. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

4. For purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation or its principal place of business. *Nelson v. Encompass PAHS Rehab. Hosp.*, LLC, 522 P.3d. 707, 712 (Co. 2023).

5. Plaintiff DTC is a citizen of Colorado. *See* Comp., ¶ 1.

6. Defendant Keller is incorporated in Delaware with its principal place of business in Maryland.[1]

7. Pursuant to 28 U.S.C. § 1446(c), in order to satisfy the amount in controversy requirement for diversity jurisdiction, a defendant must show by a preponderance of the evidence that the monetary value of the relief sought exceeds $75,000.00, exclusive of interest and costs.

8. While the Complaint itself does not plead a specific amount in controversy, on the cover sheet Plaintiff's counsel certified "that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000.00" exclusive of interest and costs. Thus, Plaintiff's certification satisfies the amount in controversy.

9. Keller was served on September 16, 2025. In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice is timely filed within thirty (30) days after Defendants were served. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354–56 (1999) (holding that 30-day removal period begins to run upon service of summons and complaint).

---

[1] While Plaintiff's Complaint alleges that Keller has two offices in Colorado, merely having offices in a jurisdiction is insufficient for citizenship, only two locations suffice for citizenship of a corporation – the state of incorporation and its principal place of business.

2

10. The United States District Court for the District of Colorado embraces Denver County and the Denver County District Court where the action was pending prior to removal. 28 U.S.C. § 1441(a); 28 U.S.C. § 97(a). Thus, this Court is the District Court of the United States for the district and division embracing the place where this action is currently pending and venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1446(a).

11. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly filed with the Denver County District Court.

12. A copy of this Notice of Removal, with exhibits, has been served upon the Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d). The exhibits are designated as follows:

Exhibit A: Summons

Exhibit B: Complaint and Jury Demand

Exhibit C: Civil Case Cover Sheet

Exhibit D: Affidavit of Service

Exhibit E: Answer, Affirmative Defenses and Jury Demand

Exhibit F: Delay Reduction Order

Exhibit G: Pre-Trial Order

13. In accordance with Local Rule 81.1, within 14 days after the filing of this notice of removal, Keller will file a current docket sheet (register of actions) and shall separately file each pending motion, petition, and related response, reply, and brief.

WHEREFORE, Defendant Keller respectfully requests that the above listed action now pending in the Denver County District Court in Denver County, Colorado, be removed to the United States District Court for the District of Colorado.

Respectfully submitted this 10th day of October, 2025.

                                                JACKSON KELLY PLLC

                                                s/ Casey C. Kannenberg
Casey C. Kannenberg
Jackson Kelly PLLC
730 17th Street, Suite 730
Denver, Colorado 80202
(303) 390-0022
(303) 390-0177 (facsimile)
casey.kannenberg@jacksonkelly.com
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day October, 2025, I served a true and correct copy of the above and foregoing via CM/ECF to the following:

John Matthews, Esq.
Eli E.R. Metz, Esq.
White and Steele, P.C.
Dominion Towers, North Tower
600 17th Street, Suite 600N
Denver, CO 80202
jmatthews@wsteele.com
emetz@wsteele.com
*Attorneys for Plaintiff*

                                                      s/ Casey C. Kannenberg
                                                     Casey C. Kannenberg